IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TARGIN SIGN SYSTEMS, INC., )
etc., )
 )
              Plaintiff, )
 )
  v. )   No.  09 C 1399
 )
PREFERRED CHIROPRACTIC CENTER, )
LTD., )
 )
             Defendant. )

MEMORANDUM ORDER

Preferred Chiropractic Center, Ltd. ("Preferred") has just filed its Answer, including affirmative defenses ("ADs"), to the putative Class Action Complaint brought against it by Targin Sign Systems, Inc. ("Targin"). Preferred's counsel have committed more than one of the defensive pleading sins that caused this Court (1) to issue an Appendix to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) and, thereafter, (2) to include the following "Important Information" on the first page of its website:

> **RESPONSIVE PLEADINGS**
>
> Because of widespread inattention by counsel filing responsive pleadings to a number of fundamental principles of federal pleading, Judge Shadur has had occasion to issue an Appendix to the opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) addressing a number of the most-often-repeated errors. Every defense counsel is ordered to review State Farm BEFORE filing any responsive pleading. Responsive pleadings that reflect any material violations of the principles set out in the State Farm Appendix may result in the imposition of appropriate fines against counsel for violation of this

order.

This memorandum order is accordingly issued sua sponte to send Preferred's counsel back to the drawing board to try again.

First, Answer ¶¶1, 2, 4, 16, 17, 20-25 and 28 run afoul of App'x ¶2 of State Farm. Although the principle stated there has been cabined to some extent by the opinion in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), in this instance the "plausibility" gloss added by that opinion does not taint Targin's corresponding allegations. Hence all those paragraphs in the Answer are stricken, albeit with leave to replead.

Next, Answer ¶¶16 and 20-23 are stricken for the reason set out in App'x ¶3 to State Farm. Those paragraphs are also stricken with leave to replead.

Several other aspects of Preferred's responsive pleading are problematic in one way or another. Here they are:

    1. Does Preferred really challenge jurisdiction and venue in Answer ¶¶6 and 7, or is it rather that Preferred's stated denial refers only to the Illinois statutes cited in the Complaint (this action was originally filed in the Circuit Court of Cook County, whence Preferred removed it to this federal court)?

    2. Answer ¶12 is stricken. Because Complaint ¶12 sets out an allegation that by definition must be within Preferred's knowledge, it cannot in good faith utilize the

2

disclaimer provisions of Fed. R. Civ. P. 8(b)(5) to avoid answering that allegation.

3. ADs 1 through 3 charge that the federal statute invoked by Targin violates the United States Constitution in several respects. If Preferred is serious about those charges, it must bring those threshold challenges on by an early motion, failing which those ADs will be considered to have been forfeited.

All parties will clearly be better served if Preferred now provides a self-contained Amended Answer, rather than filing an amendment to its existing pleading. Accordingly the Answer is stricken in its entirety, with leave granted to replead on or before April 24, 2009.

No charge is to be made to Preferred by its counsel for the added work and expense to be incurred in correcting counsel's errors identified here. Preferred's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 14, 2009