IN THE UNITED STATES DISTRICT COURT
				FOR THE NORTHERN DISTRICT OF ILLINOIS
				       EASTERN DIVISION

TARGIN SIGN SYSTEMS, INC.,      )
etc.,                           )
                                )
                 Plaintiff,     )
                                )
     v.                         )     No.  09 C 1399
                                )
PREFERRED CHIROPRACTIC CENTER,  )
LTD.,                           )
                                )
                 Defendant.     )

                    MEMORANDUM OPINION AND ORDER

	Counsel for Targin Sign Systems, Inc. ("Targin") has noticed up for presentment on June 3, 2010 a bulky document captioned "Plaintiff's Local Rule 40.4 Motion To Reassign Case No. 1:10-CV-01423 as Related to This Case." Because that motion reflects a misapprehension of both the language and the purpose of LR 40.4, this memorandum opinion and order is being issued now, to spare numerous counsel[1] the need to come to court just to be apprised of the denial of the motion.

	This Court's candidate for the least-well-understood local rule that has been adopted by our District Court is LR 40.4, which allows an exception--but only in carefully circumscribed circumstances--to the guiding polestar of this District Court's random, computer-driven assignment of cases, providing instead for certain reassignments on grounds of relatedness. That lack

---

	[1] Targin's moving counsel has listed no fewer than four other lawyers and law firms in the Notice of Motion that accompanies the motion itself.

of full understanding is not only shared by too many lawyers but also appears to be reflected in some opinions of our Court of Appeals, the latter difficulty being contributed to in large part by the fact that the Court of Appeals does not function under a calendar system and thus has far more flexibility than this District Court in the linking up of cases on its docket that share similarities.

But a straightforward reading of LR 40.4 ought to eliminate any such misunderstandings. LR 40.4(a) is easy--it simply defines "relatedness" with a broad brush, under which any one of its four subparts, looked at disjunctively, suffices to make two or more cases "related" to each other. Where the difficulty arises is rather in LR 40.4(b), which is stated in the conjunctive: All four of its conditions must be satisfied to qualify one or more higher-numbered cases to be reassigned to the calendar of the judge presiding over the lowest-numbered case.

Most frequently a candidate for such possible reassignment founders on LR 40.4(b)(4), which requires the cases to be "susceptible of disposition in a single proceeding." Thus, for example, the situation addressed in the Court of Appeals' recent opinion in Pettitt v. The Boeing Co., No. 09-3204, 2010 WL 1948345 (7th Cir. May 17) does not qualify for reassignment under the auspices of LR 40.4.

That case involves a situation in which three separate lawsuits had been brought against Boeing and other defendants,

each stemming from a single aircrash disaster in Cameroon in which 114 people were killed--each of the lawsuits was instituted by the estates or heirs of a set of different victims of the disaster. There is, of course, no question that those three cases are "related" in real world terms as well as under the terms of LR 40.4(a), but the rub comes in the cases' inability to meet the LR 40.4(b)(4) requirement--even though the issue of potential <u>liability</u> of one or more of the defendants is common to all three cases and to all 114 victims, the need for 114 different determinations of damages if liability were to be found would by definition require a separate trial as to each victim, not just "a single proceeding."

Hence the Court of Appeals' opinion, which calls for an order of remand of the lowest-numbered case to Judge Der-Yeghiayan, has necessarily left the handling on remand to this District Court. And the three district judges involved (including this Court), together with this District Court's Executive Committee, have since determined that LR 40.4 does <u>not</u> fit the situation and that a different mechanism must be designed to meet the purpose set out in the Court of Appeals' opinion.

To return to the present situation, the clear lack of satisfaction of the LR 40.4(b)(4) requirement certainly applies a fortiori here. To be sure, the dispute as to insurance coverage that is the subject of the recently-filed declaratory judgment action assigned to the calendar of this Court's colleague

Honorable Suzanne Conlon (Case No. 10 C 1423, brought by Hartford Casualty Insurance Company and naming both parties to this action as defendants) relates directly to the identity of the counsel who will be going forward to represent defendant Preferred Chiropractic Center, Ltd. in this action. But the resolution of that dispute is totally unrelated to the matters that this Court will have to resolve on the merits in this case.[2] Indeed, because the required merits determinations in the two cases are so different in nature, the motion's stated concerns about "ensur[ing] uniformity in the administration of justice" and "avoid[ing] disparate decisions" (see Motion ¶13) are of no moment.

Accordingly Targin's motion is denied out of hand. That said, this Court will of course cooperate with Judge Conlon to the extent (if any) that duplication of effort in the two cases (say, for example, in any deposition practice) may be minimized.

                                                         _____
                                                         Milton I. Shadur
                                                         Senior United States District Judge

Date: May 28, 2010

---

[2] It is noteworthy that Targin's current motion, in an effort to get out from under the need to satisfy LR 40.4(b), cites only some Illinois Appellate District cases that have arisen in wholly different circumstances--the motion makes no reference to federal caselaw or to the meaning of the LR itself. This Court has looked at those state law cases and has found them totally unpersuasive.