```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

TARGIN SIGN SYSTEMS, INC.,          )
etc.,                               )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )    No.  09 C 1399
                                    )
PREFERRED CHIROPRACTIC CENTER,      )
LTD.,                               )
                                    )
                    Defendant.      )
```

<u>MEMORANDUM ORDER</u>

This is not the first time that Caroline Abraham has seen fit to communicate with this Court directly (or in this instance, with this Court's minute clerk, which amounts to the same thing under the circumstances) by a letter.[1]  This memorandum order is issued in the expectation that, with the brief explanation provided here, no further repetition of that practice will take place.

To begin with, though Ms. Abraham has stated on each occasion that she cannot afford a lawyer, that does not entitle her to enlist this Court as a proxy for a lawyer to represent her interests, as she requests.  As and when any issue relevant to this litigation is posed to this Court in the proper way, it will deal with such issue (just as it has done in the past).

_____

[1]  At one time Ms. Abraham had been named a third-party defendant by defendant Preferred Chiropractic Center, Ltd., but its Third-Party Complaint was dismissed voluntarily in early January of this year.

Ms. Abraham must also understand that no ex parte communications are proper--that is, all parties to an action must be provided with copies of any communication sent to the court. Accordingly this Court will attach Ms. Abraham's July 25 letter and its enclosures to this memorandum order, and it orders that those materials be made part of the court file.

Finally, if what has been said has not already made this clear to Ms. Abraham, no further communications of a type that do not conform to the prescribed standards for court submissions will be entertained. And as for Ms. Abraham's current indication that she has problems with plaintiff's counsel, this Court is not in a position to rule on those problems as submitted.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 2, 2010

Sandy Newland, Courtroom Deputy
Room 2308-A
U.S. District Court, Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

July 25, 2010

Re: TARGIN SIGN SYSTEMS, INC. v. PREFERRED CHIROPRACTIC CENTER, LTD., Case No. 09 cv 1399.

Dear Ms. Newland or To Whom It May Concern:

I am Caroline Abraham, and I reside at 1601 E 18th St Apt 2, Brooklyn, NY 11230. I am writing this on my own behalf, as I cannot afford an attorney. I was at one time a third-party defendant in this case, Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd., along with my son, Joel Abraham, and my d/b/a, Business to Business Solutions.

I sent you a letter about a month and a half ago about subpoenas for my family's and our businesses' phone records for this case. Within the last week we received another similar subpoena and we heard about some other subpoenas that were sent to another address at which my business once had phone lines. A copy of the subpoena we received is included. It requests phone all phone records for certain phone numbers from 2003 through 2008. Like the previous subpoenas, this one was also signed by Mr Ryan Kelly of the law firm Anderson + Wanca, attorneys for the plaintiff in this case.

I do not know if Judge Shadur approved all of these telephone record subpoenas, or if they were all issued by Mr. Kelly without Judge Shadur's approval. Unless Judge Shadur thinks otherwise, I again assert that telephone records from 2003 to 2008 cannot all be relevant to this case. Business to Business Solutions did not even exist before 2004, and it has been basically dormant since 2007. This case involves alleged fax advertising in October of 2005. The only telephone records that can possibly have any relevance to this case are within the period of August to October of 2005.

I would again like to make two requests of Judge Shadur. First, I request that he not allow any telephone records outside of the period of August to October of 2005 to be used as evidence in this case. I request that Mr. Kelly, and anyone else in Anderson + Wanca who has any of our telephone records from outside that time period, should destroy those records and any copies they might have made of those records.

Second, whether or not Judge Shadur grants my first request, I request that all of our telephone records be kept confidential, that none of them will be allowed to be used for any other purpose other than as evidence in this one case. As I explained in my last letter, I am very concerned, and with good reason, that Anderson + Wanca might use our phone records for other purposes. The wide, unwarranted data range in the subpoena is very suspicious and is a major cause for my concern.

Once again I would like to rely on the Court for protection of my telephone records. I do not know how to go about getting protective orders, and as I said above, I cannot afford an attorney.

Therefore I would appreciate your bringing all of this to Judge Shadur's attention, and I am appealing to Judge Shadur for his help.

Respectfully yours,

Caroline Abraham
1601 E 18th St
Brooklyn, NY 11230
(718) 986-4055
chayarochel@speakeasy.net



July 21, 2010

**VIA EMAIL (joelya@hotmail.com)**
**VIA CERTIFIED MAIL (7007 2680 0002 6904 1451)**
Jason Abraham and Joel Abraham
1601 E 18th Street, Apt. 2
Brooklyn, NY 11230

    **Re:**    **Subpoena for Records**
            **Targin Sign Systems v. Preferred Chiropractic**
            **Subpoena Case No.: 09 CV 1399**

To Whom It May Concern:

     We write to notify you that your telephone records may be subject to disclosure in relation to the above referenced matter. These records are being sought pursuant to the attached Subpoena, dated June 02, 2010 ("Subpoena").

     Please be advised that Vonage is not a participant in the litigation and may be required to release the information to Ryan M. Kelly with Anderson & Wanca. Please advise us on or before July 29, 2010 if you object to the production of these records and will be filing a motion to quash. If you do not advise us that you will be filing a motion to quash production of records, we will release the requested records immediately after July 29, 2010.

     If you should have any additional questions or concerns, please feel free to contact me for further assistance.

Sincerely,

Tramel Sumner
Compliance Specialist
Vonage Holdings Corp.
732-231-6705 (Office)
732-202-5221 (Fax)
Tramel.Sumner@vonage.com

**Issued by the**
# UNITED STATES DISTRICT COURT

NORTHERN | DISTRICT OF | ILLINOIS

TARGIN SIGN SYSTEMS

V.

PREFERRED CHIROPRACTIC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 09 CV 1399

TO:  Records Keeper, Vonage, 23 Main Street, Holmdel, NJ 07733

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE  Anderson + Wanca, 3701 Algonquin Rd., Suite 760, Rolling Meadows, IL 60008 | DATE AND TIME 7/15/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  attorney for Platff | DATE 7/2/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ryan M. Kelly, Anderson + Wanca, 3701 Algonquin Rd., Suite 760, Rolling Meadows, IL 60008, 847-368-1500, rkelly@andersonwanca.com

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 7/2/2010 | 3701 Algonquin Rd., Suite 760, Rolling Meadows, IL 60008 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Records Keeper for Vonage | Via Fed-Ex |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Ryan Kelly | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___7/2/2010___
DATE

SIGNATURE OF SERVER

Anderson + Wanca, 3701 Algonquin Rd., Suite 760
ADDRESS OF SERVER

Rolling Meadows, IL 60008

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1.  Complete monthly statements, subscriber information, and all outgoing call detail records (2003-2008) for:

    718-766-8967
    917-546-0973
    718-576-2065
    718-233-3438
    718-233-3476
    718-360-5786
    718-233-4359
    718-360-0971
    718-233-6749
    718-360-0917
    718-255-5790
    718-360-1330
    718-785-5155
    718-785-5156
    718-210-3400
    718-233-1157
    718-233-4964
    718-255-5854
    718-301-9142
    718-301-6279
    718-554-6247
    718-554-1770
    718-554-1921
    718-554-1031
    718-554-1087
    718-554-1103
    718-554-6977
    718-360-1331
    718-360-1873
    718-360-8588
    718-554-0004
    718-554-0042
    718-554-6743
    718-554-6742
    718-554-6741

718-554-6740
718-554-6739
718-554-6738
718-554-6737
718-554-6735
718-554-6730
718-554-6729
718-554-6692
718-554-6555
718-554-6417
718-554-6826
718-360-0936
718-360-0956
718-350-8748
718-360-0963
718-715-0341
718-554-3385
718-554-6749
718-725-7122
718-766-7429
718-725-7119


Business to Business Solutions
2920 Avenue R, #214, Brooklyn, NY 11229,
1601 E. 18th Street, Brooklyn, NY 11230
1869 E. 23rd Street, Brooklyn, NY 11229;
5657 Wilshire Blvd., Suite 130, Los Angeles, CA 90036
or any other listed address

Caroline Abraham – **SSN# 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**
2920 Avenue R, #214, Brooklyn, NY 11229,
1601 E. 18th Street, Brooklyn, NY 11230
1869 E. 23rd Street, Brooklyn, NY 11229;
5657 Wilshire Blvd., Suite 130, Los Angeles, CA 90036
or any other listed address

Joel Abraham
2920 Avenue R, #214, Brooklyn, NY 11229,
1601 E. 18th Street, Brooklyn, NY 11230
1869 E. 23rd Street, Brooklyn, NY 11229;
5657 Wilshire Blvd., Suite 130, Los Angeles, CA 90036
or any other listed address

Jason Abraham
2920 Avenue R, #214, Brooklyn, NY 11229,

1601 E. 18th Street, Brooklyn, NY 11230
1869 E. 23rd Street, Brooklyn, NY 11229;
5657 Wilshire Blvd., Suite 130, Los Angeles, CA 90036
or any other listed address

Shaun (Shawn) Melville d/b/a The Box Expert (Company)
5657 Wilshire Blvd., Suite 130, Los Angeles, CA 90036

Terrence Melville
5657 Wilshire Blvd., Suite 130, Los Angeles, CA 90036

Connor Melville
5657 Wilshire Blvd., Suite 130, Los Angeles, CA 90036

**Production of documents will excuse attendance.

Produce all call detail records in electronic form, if available.