## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, )<br><br>Plaintiff, )<br><br>v. )<br><br>PREFERRED CHIROPRACTIC CENTER, LTD., )<br><br>Defendant. ) | Case No. 09 C 1399<br><br>Judge Coleman |

## FINAL APPROVAL ORDER

The matter coming before the Court on the parties' request for final approval of the class action settlement, including approval of fees and expenses, due notice given, the parties appearing through counsel, and the Court fully advised in the premises, IT IS HEREBY ORDERED:

1.     This Court has jurisdiction over the parties, the members of the Settlement Class, Preferred Chiropractic Center, Ltd., Hartford Casualty Insurance Company, and the claims asserted in this lawsuit.

2.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

1

3.    The Settlement Class is defined as follows:

All persons who: (1) on October 13, 2005; (2) were sent a fax identifying The 'Preferred Chiropractic Center' and the website address www.preferredchiropracticcenter.cjb.net; and (3) owned or paid for some portion of the machine to which the fax was sent.

Excluded from the Settlement Class are Preferred Chiropractic Center, Ltd. ("Preferred") and its insurers, including any parent, subsidiary, affiliate or controlled person of Preferred or its insurers, as well as its officers, directors, agents, servants or employees of Preferred or its insurer and the immediate family members of such persons. The parties expressly agreed to this Settlement Class definition for settlement purposes.

4.    The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5.    Upon the Declaration of Andrew Barnett, the Court finds that the notice was given to Class Members, and finds that such notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1).

6.    Upon the Declaration of Phillip A. Bock, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7.    No class member opted out of the settlement and no class member objected to the settlement.

8.    After due consideration of the uncertainty about the likelihood of the Class's ultimate success on the merits; the range of the Class's possible recovery;

2

the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, affidavits, and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (except those who have previously excluded themselves from the Class by submitting a Notice to Class Counsel indicating that they are opting out) shall be bound by the Settlement Agreement, including being subject to the release set forth in the said Settlement Agreement.

9.    Hartford Casualty Insurance Company ("Hartford") has created a settlement fund (the "Settlement Fund") of $1,551,000 to pay all claims by Settlement Class members, to pay Class Counsel's fees and out-of-pocket expenses, and to pay the Class Representative's incentive award. Unclaimed monies in the Settlement Fund shall remain with Hartford. Preferred shall not be responsible for making any payments, except through its insurance with Hartford.

10.    As agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will receive a check in the amount of $250.00 for each fax advertisement Preferred successfully sent to them, as reflected in the Expert Report of Robert Biggerstaff. Checks issued to the claiming Settlement Class members will be void ninety-one (91) days after issuance

3

and any amount from voided checks shall be refunded to Hartford.

11.     Pursuant to the parties' agreement, the Court approves Class Counsel's attorney's fees in the total amount of $517,000.00 and out-of-pocket expenses in the amount of $42,640.44. In accordance with the Settlement Agreement, these amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

12.     Pursuant to the parties' agreement, the Court approves a $9,500.00 incentive award to plaintiff, Targin Sign Systems, Inc., for serving as the Class Representative. In accordance with the Settlement Agreement, this amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

13.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

14.     Preferred is hereby enjoined from future violations of the TCPA. Preferred shall not send any advertisement by facsimile without first obtaining the prior express invitation or permission of the intended recipient.

15.     This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant, is hereby dismissed with prejudice and without taxable costs to any Party.

16.     All claims or causes of action of any kind by any Settlement Class

member brought in this Court or any other forum (other than persons who have opted out of this action previously or this Settlement) are barred pursuant to the releases set forth in the Settlement Agreement. Class members are enjoined from instituting, either directly or indirectly, any action against Preferred in this Court or in any other court or forum, asserting any claims that are being settled or released herein, including any claim about advertising faxes from Preferred that was or could have been brought in this action pursuant to the release set forth in the Settlement Agreement.

17.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.

18.     The Court retains continuing jurisdiction over this action, Targin Sign Systems, Inc. and all members of the Settlement Class, Preferred, and Hartford to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

19.     The Court finds that there is no just reason to delay the enforcement of

or appeal from this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: May 26, 2011

Honorable Sharon Johnson Coleman